UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN EDWARD STEVENS, #373923,

                    Petitioner,

                                        CASE NO. 2:10-CV-13978
v.                                      HONORABLE VICTORIA A. ROBERTS

MARY BERGHUIS,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.       Introduction**

Michigan prisoner Robin Edward Stevens ("Petitioner") filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is held in custody in violation of his

constitutional rights.  Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS §

750.317, in the Saginaw County Circuit Court and was sentenced to 31 to 60 years imprisonment

in 2008.  He raises claims concerning the voluntariness of his plea, the effectiveness of trial counsel,

and the validity of his sentence.

For the reasons stated, the Court denies the petition for a writ of habeas corpus.  The Court

also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.      Facts and Procedural History**

Petitioner's conviction arises from the stabbing death of his girlfriend, Debra Pesko, at their

home in Buena Vista Township, Michigan on October 5, 2007.  Petitioner and the victim were

drinking and got into an argument over unpaid bills.  Petitioner beat her, cinched a belt around her

neck at some point, and stabbed her to death with scissors. An autopsy revealed that the victim suffered blunt force trauma to the head, various lacerations and contusions on her head, face, chest, and back, and 11 stab wounds to her head, throat, and chest. Upon investigation, the police found blood throughout the house and bloody scissors near the victim's body. They believed that Petitioner attempted to clean up before he fled the home. The police found Petitioner the following day attempting to commit suicide. Petitioner told the police that he killed the victim, but claimed that he snapped during an argument.

Petitioner was charged with open murder and with being a second habitual offender. On March 31, 2008, Petitioner pleaded guilty to second-degree murder in exchange for the dismissal of the open murder charge and the habitual offender enhancement. There was no sentencing agreement. On May 5, 2008, the trial court sentenced Petitioner at the high end of the guideline range to 31 to 60 years imprisonment.

Following sentencing, Petitioner moved to withdraw his guilty plea asserting that his plea was involuntary, that defense counsel was ineffective, and that his sentence was improper. The trial court conducted a hearing on January 12, 2009 and denied the motion on March 6, 2009. *People v. Stevens*, No. 08-030522-FC-5 (Saginaw Co. Cir. Ct. March 6, 2009) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review, which was denied for lack of merit in the grounds presented. *People v. Stevens*, No. 291151 (Mich. Ct. App. May 12, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Stevens*, 485 Mich. 898, 772 N.W.2d 415 (2009).

Petitioner then filed his federal habeas petition raising the following claims:

I.    His plea to second-degree murder was involuntarily made where he could not have been found guilty of either first or second-degree murder in the first place where (1) he was not only provoked and acted in self-defense but had been provoked by decedent during their entire 18-month relationship and where he suffered physical, mental, sexual, and verbal abuse during his childhood, all of which caused him to "snap" and where (2) his plea was contrived and not voluntarily proffered.

II.   His plea was involuntary and unknowingly made where he received ineffective assistance of counsel where counsel was deficient in advising him to plead without first investigating, with the benefit of an expert, the possibility of the defense of duress or self-defense based on his years of being physically and mentally abused by his father and step-father, being sexually molested by a neighbor, and where decedent ridiculed and belittled him and first came at him with scissors in a jabbing motion.

III.  He must be resentenced to a more proportionate sentence where he was sentenced to a minimum of 31 years and mitigating circumstances militate in favor of not sentencing him to the maximum of his guidelines where (1) his guidelines were scored incorrectly, (2) he was convicted of the wrong crime in the first instance, (3) he was provoked and taunted with severe mental, verbal, and physical abuse by decedent throughout their relationship and the night of the offense, and by his father and stepfather during his childhood, and (4) this was an anomaly for him where at age 48 he did not have a criminal history to speak of, he was a hard worker all his life, and he was liked by everyone.

## III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

3

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized

"that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the

reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.  Analysis

### A.  Involuntary Plea Claim

Petitioner first says that he is entitled to habeas relief because his guilty plea was involuntary. Petitioner claims that he could not have been found guilty of either first or second-degree murder because he was provoked and/or acted in self-defense and claims that his plea was illusory.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the

6

relevant circumstances and likely consequences." *Id.* at 748.

The state trial court addressed this issue in denying Petitioner's motion to withdraw his plea and decided that he waived any challenge to the sufficiency of the evidence by pleading guilty and that his plea was voluntary and not illusory.  The court explained:

> Here, Defendant claims that he is entitled to plea withdrawal because the evidence against him was insufficient to support a conviction of either first degree or second degree murder where the record reflects that he was acting in either self defense or with provocation at he time he killed Ms. Plesko. The Court disagrees with Defendant. Although Defendant now claims that Ms. Plesko acted as the first aggressor by "jabbing" at him with a pair of scissors, there is no evidence in the record aside from Defendant's self-serving statements to support this assertion. At the time of entering his plea, Defendant admitted that he repeatedly stabbed Ms. Plesko with the intent to kill her. Moreover, at the plea hearing, Defendant offered no legal justification or excuse for his actions. Furthermore, by voluntarily pleading guilty to second degree murder, Defendant waived his right to claim that the evidence against him was insufficient to support this conviction. *See People v New*, 427 Mich 482, 490-493 (1986).
>
> Defendant next argues that he is entitled to withdraw his plea because it was based on an illusory bargain. "[A] defendant may be entitled to withdraw a guilty plea if the bargain on which the plea was based was illusory, meaning that the defendant received no benefit from the agreement." *People v Harris*, 224 Mich App 130, 150 (1997). In the instant case, Defendant was originally charged with open murder, which encompasses the charges of first degree and second degree murder. In exchange for Defendant's agreement to plead guilty to the charge of second degree murder, the prosecution agreed to dismiss the open murder charge. Because Defendant would have faced a mandatory sentence of life in prison without the possibility of parole if the case proceeded to trial and he was convicted of first degree murder, the Court finds that he did receive some benefit from this plea agreement. Thus, Defendant's claim that his plea was illusory must also fail.

*Stevens*, No. 08-030522-FC-5 at pp. 2-4.  The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]  The state court record reveals that Petitioner's

---

[1]The Court would reach the same result under a *de novo* standard of review.  The same is true for all of Petitioner's claims.

7

guilty plea was knowing, intelligent, and voluntary. Petitioner was 48 years old at the time of his plea and had been employed. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the charges and the terms of the plea and its consequences, including the maximum sentence for second-degree murder and the fact that there was no sentencing agreement. Petitioner indicated he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything else to induce his plea. Petitioner admitted his intent to kill and the pre-trial materials provided significant evidence of guilt. Petitioner has not shown that his plea was involuntary. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner asserts that his plea was involuntary because he consistently stated that he "snapped," blacked out, and "lost it," had used alcohol and drugs for a lengthy period of time prior to the murder, and had suffered past emotional and physical abuse such that the charges against him and his sentence were improper. A guilty or no-contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Consequently, there is no constitutional requirement that the prosecution prove the guilt of a defendant who pleads guilty – and a defendant who pleads

8

guilty waives any objection to the sufficiency of the evidence. *Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010). A defendant who pleads guilty waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he had a defense to the charges against him. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Siegel v. New York*, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing *Tollett* and *McMann v. Richardson*, 397 U.S. 759 (1970)). Moreover, "a defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757. Petitioner waived his right to challenge the sufficiency of the evidence and to present a defense to the charges by pleading guilty to second-degree murder. He has not shown that his plea was improper.

Petitioner also says that his plea was involuntary because it was illusory. This claim lacks merit. Petitioner faced a charge of first-degree murder and a habitual offender enhancement for his actions in killing the victim. The record reflects that the victim was beaten, that she had a belt cinched around her neck, and that she was stabbed multiple times. Petitioner admitted killing the victim and there was evidence that he attempted to clean up before he fled. By entering a plea to second-degree murder, Petitioner avoided a habitual offender enhancement and eliminated his exposure to a first-degree murder charge and mandatory sentence of life imprisonment without parole. Petitioner thus received a benefit from his bargain such that his plea was not illusory. The Court is satisfied that Petitioner was well aware of the charges against him and the crime to which he pled. Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted.

**B.   Ineffective Assistance of Counsel Claims**

9

Petitioner says that he is entitled to habeas relief because defense counsel was ineffective for failing to discuss provocation/duress and self-defense with him and advising him to plead guilty, for miscalculating the sentencing guidelines and misadvising him about his sentence, for failing to object to erroneous scoring of the guidelines, for failing to request the assistance of a mental health expert, for failing to bring mitigating circumstances to the trial court's attention at sentencing, and for failing to prepare him for allocution at sentencing.

The United States Supreme Court set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  The Supreme Court explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.*  The Supreme Court also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.*

10

at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

The state trial court addressed this issue in denying Petitioner's motion to withdraw his plea and determined that counsel was not ineffective. The court explained:

> Next, Defendant asserts that his plea was unknowing and involuntary because it was induced by the ineffective assistance of his trial counsel. "[I]n reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the Court should focus upon whether the defendant's plea was made voluntarily and understandably." *People v Nunn*, 173 Mich App 56, 58 (1988). Moreover, to prevail on a claim of ineffective assistance, Defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *People v Sabin* (After Remand), 242 Mich App 656, 659 (2000).
>
> Here, Defendant contends that based on the facts of this case his trial counsel erred by failing to investigate the possible defenses of self defense or duress. Once again, the Court disagrees. At the plea hearing in this matter, defense counsel indicated that

11

he had an opportunity to discuss the case at length with both Defendant and his family members, and that hey had all agreed that Defendant should accept the plea. [March 31, 2008 Plea Trans, pp 3-4]. Defendant concurred with his counsel's representations in this regard, and acknowledged that he ad had a chance to fully and completely discuss the case with counsel. [Id., pp 4-5]. Moreover, although Defendant now complains that his trial counsel should have done further research on the possible defenses of self defense and duress prior to advising him to plead guilty, Defendant has not demonstrated how this additional research would have impacted his decision to plead guilty to the charge of second degree murder.

Next, Defendant argues that his trial counsel was ineffective for failing to obtain a second independent psychological examination of Defendant in light of his history of childhood abuse, his past attempts at suicide and his long-standing substance abuse problem. Here, trial counsel arranged for Defendant to undergo a psychological examination at the state center for forensic psychology. This evaluation determined that Defendant was competent to stand trial and that he was not legally insane for purposes of criminal responsibility. Instead of pursuing a second opinion, defense counsel chose to rely on this evaluation. Nonetheless, Defendant has failed to demonstrate any error in this evaluation which would have warranted obtaining a second opinion. Indeed, the evaluation was conducted by a licensed psychologist who interviewed defendant for approximately two hours. The examiner's report reflects that he was fully apprised of Defendant's abusive childhood and his mental health history as well as all of the circumstances surrounding this incident, and that he considered all of this information in reaching his conclusions. Thus, Defendant has not shown that he was prejudiced by trial counsel's failure to seek a second psychological evaluation.

Defendant also contends that he should be permitted to withdraw his plea because it was induced by trial counsel's misrepresentations regarding the sentencing consequences of his plea. Specifically, in his Motion, Defendant alleges that, prior to his plea, trial counsel advised him that if he pleaded guilty to second degree murder, his sentencing guidelines would be thirteen years to twenty-two years, and that he would likely serve just seventeen years in prison for this offense. Defendant further argues that he was severely prejudiced by this alleged misrepresentation by counsel because the sentence ultimately imposed by the court in this matter was thirty-one years to sixty years.

The Court notes that trial counsel's incorrect advice regarding sentencing, by itself, does not qualify as a sufficient basis for withdrawal of a defendant's plea. *People v Wilhite*, 240 Mich App 587, 593-594 (2000). In addition, a request to withdraw a plea is generally regarded as frivolous where the circumstances indicate that the defendant's true motivation in requesting plea withdrawal is dissatisfaction regarding sentencing. *People v Haynes*, 221 Mich App 551, 559 (1997). In this case, the record belies Defendant's claim that he was misinformed regarding the sentencing

consequences of his plea at the time he entered it. The record indicates that, at the plea hearing, the prosecutor advised Defendant that there were no "sentencing considerations" for his plea to the second degree murder charge. In addition, the Couti advised Defendant that he could be sentenced to life or any number of years for this offense. Also, at this hearing, Defendant acknowledged that he understood the terms of the plea agreement, and further denied that anyone had made additional promises to him in order to get him to accept the plea. Based on this record, it is apparent that Defendant was fully apprised of the potential sentencing consequences of his plea at the time of his plea taking. Accordingly, Defendant is not entitled to plea withdrawal based on counsel's alleged misadvice regarding sentencing.

Next, Defendant argues that his trial counsel was ineffective for failing to bring certain "mitigating circumstances" to the Court's attention at the time of sentencing. Here, the record reflects that when given an opportunity to allocute on behalf of Defendant at the time of sentencing, trial counsel limited his remarks to asking the Court to take into consideration the various letters submitted by individuals in support of Defendant. Nonetheless, counsel's decisions regarding whether to address the court at sentencing and what information to provide the court are tactical decisions. *People v Newton* (After Remand), 179 Mich App 484, 493-494 (1989). Also, in this case, the Court was well aware of the alleged "mitigating circumstances" that Defendant claims his trial counsel should have mentioned during allocution because they were referenced in both the presentence investigation report and the various letters submitted on Defendant's behalf, all of which the Court reviewed prior to sentencing. Thus, Defendant has failed to demonstrate that he suffered any prejudice as a result of his trial counsel's failure to specifically reference these "mitigating circumstances" during allocution.

*Stevens*, No. 08-030522-FC-5 at pp. 3-5. The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of it. First, to the extent Petitioner asserts that his guilty plea was involuntary because defense counsel misadvised him about his possible sentence and coerced him to accept a plea, the record does not support his claim. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. The court

reviewed the terms of the agreement and the consequences of the plea, including the maximum

sentences for the offense.  Petitioner has not shown that his plea was unknowing.  His claim that

defense counsel pressured him into pleading guilty conflicts with his sworn testimony at the plea

hearing when he stated that he was pleading guilty of his own free will.  There is no evidence that

counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea.  As aptly

stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-

record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the
> record, we would be rendering the plea colloquy process meaningless, for any
> convict who alleges that he believed the plea bargain was different from that outlined
> in the record could withdraw his plea, despite his own statements during the plea
> colloquy . . . indicating the opposite.  This we will not do, for the plea colloquy
> process exists in part to prevent petitioners . . . from making the precise claim that
> is today before us.  "[W]here the court has scrupulously followed the required
> procedure, the defendant is bound by his statements in response to that court's
> inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).  Given

the nature of the case and the significant evidence of guilt, counsel's plea advice was reasonable.

Additionally, to the extent that Petitioner asserts that defense counsel was ineffective for

failing to investigate his case, retain a mental health expert, or take other action during the pre-plea

period, he is not entitled to habeas relief.  It is well-settled that claims about the deprivation of

constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the

plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267

(1973).  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the
> criminal process.  When a criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is charged, he may not thereafter
> raise independent claims relating to the deprivation of constitutional rights that

14

occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.  In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569.  Accordingly, Petitioner's claim that counsel was ineffective for failing to investigate his case, utilize a mental health expert, discuss duress or self-defense, or take other action during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner further asserts that defense counsel was ineffective for advising him to plead guilty rather than discussing his options and preparing a defense.  It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary.  *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted).  Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea.  Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, the extent of the victim's injuries and the lack of injury to Petitioner, the evidence presented at pre-trial hearings, and the lack of a solid defense.

Although Petitioner believes that he could have defended against the charges or benefitted from the use of another mental health expert, he offers no evidence, other than his own assertions, to support his claims.  It is well-settled that conclusory allegations are insufficient to warrant habeas

15

relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759,

771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas

relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and

conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Moreover, the defenses that Petitioner believes should have been pursued by counsel would

not have benefitted him and/or would have been risky pursuits at trial given the circumstances of

the case. Under Michigan law, duress is not a defense to murder or other criminal activity that leads

to a person's death. *See, e.g., People v. Moseler*, 202 Mich. App. 296, 299, 508 N.W.2d 192. 194

(1993) (duress not a defense to involuntary manslaughter); *People v. Etheridge*, 196 Mich. App. 43,

56, 492 N.W.2d 490, 497 (1992) (duress defense not available in case where defendant charged with

both premeditated and felony murder); *People v. Travis*, 182 Mich. App. 389, 392, 451 N.W.2d 641,

642–43 (1990) (duress not a defense to homicide); *see also Gimotty v. Elo*, 40 F. App'x 29, 32–33

(6th Cir. 2002) (unpublished). As to self-defense, Petitioner's claim was not supported by any

evidence, other than his own allegations that the victim attacked him with scissors. Additionally,

self-defense would have been available to Petitioner, if at all, only for his actions in obtaining the

scissors from the victim and would not have justified his actions in strangling her or stabbing her

multiple times, nor otherwise accounted for the severity of her injuries. *See, e.g.*, *People v. Riddle*,

467 Mich. 116, 119, 649 N.W.2d 30 (2002) (defendant must have an honest and reasonable belief

there was a danger of "death or great bodily harm" to use deadly force); *People v. Heflin*, 434 Mich.

482, 509, 456 N.W.2d 10 (1990) ("an act committed in self-defense but with excessive force...does

not meet the elements of lawful self-defense" ); *People v. Kemp*, 202 Mich. App. 318, 322, 508

N.W.2d 184 (1993) ("[a] defendant is not entitled to use any more force than is necessary to defend himself"); *see also* MICH. COMP. LAWS § 780.972 (Michigan Self-Defense Act).

With regard to counsel's alleged failure to obtain a second mental health evaluation, the record reveals that Petitioner was examined by a mental health expert who was aware of his mental health history and the facts of the crime. Petitioner has not shown how consultation with another expert would have benefitted his defense or affected his decision to plead guilty. In short, Petitioner failed to establish that counsel erred or that he was prejudiced by counsel's conduct so as to demonstrate that counsel was ineffective under the *Strickland* standard.

Petitioner further asserts that defense counsel was ineffective at sentencing for failing to object to erroneous scoring of the guidelines, for failing to bring mitigating circumstances to the trial court's attention, and for failing to prepare him for allocution. Petitioner, however, has failed to establish that counsel was ineffective. First, as to the scoring of the guidelines, the state trial court concluded that the disputed offense variables were correctly scored and the state appellate courts denied leave to appeal. Consequently, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile objection or motion. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Second, as to mitigating circumstances and allocution, the record reveals that counsel asked the trial court to consider letters submitted on Petitioner's behalf and the court was well aware of Petitioner's history from those letters and the pre-sentence reports. Petitioner has not shown that further argument by counsel or additional help with allocution would have benefitted him or affected his sentence. Petitioner has thus failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted.

17

### C.      Sentencing Claims

Petitioner says that he is entitled to habeas relief because the state trial court erred in sentencing him.  Specifically, he claims that the trial court erred in scoring several offense variables under the state sentencing guidelines, that his sentence is based on inaccurate information, and that his sentence is disproportionate.  The trial court addressed these issues in denying Petitioner's motion to withdraw his plea and concluded that the disputed offense variables were correctly scored, that Petitioner had not shown that his sentence was based upon inaccurate information, and that the sentence was proportionate. *Stevens*, No. 08-030522-FC-5 at pp. 5-7.  The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief on these claims is neither contrary to Supreme Court precedent nor an unreasonable application of it.  Petitioner's sentence is within the statutory maximum of life imprisonment.  *See* Mich. Comp. Laws §§ 750.317.  A sentence within the statutory limit is generally not subject to federal habeas review.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner has made no such showing.  His sentence is within the statutory maximum set by state law.

Moreover, Petitioner cannot prevail on his claim that the trial court erred in scoring certain offense variables under the state sentencing guidelines.  Such a claim is not cognizable on federal habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes

18

is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).   Any error in scoring the offense variables and determining the guideline range does not merit habeas relief.   State courts are the final arbiters of state law and the federal courts will not intervene in such matters.   *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).   Habeas relief does not lie for perceived state law errors.   *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.   *Townsend*, 334 U.S. at 741; *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing).   To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information.   *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).   Petitioner has not done so.   The record reflects that the state trial court considered the circumstances of the crime, the pre-sentence reports, Petitioner's history, and other permissible factors at sentencing.   Petitioner had an opportunity to contest the accuracy of the reports and make a statement at sentencing.   Petitioner has not shown that the court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Lastly, Petitioner says that his sentence is disproportionate.   But, Petitioner fails to state a claim for federal habeas relief if he is arguing that his sentence is disproportionate under Michigan law . *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).  He is also not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991).  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin*, 213 F.3d at 302.  Petitioner's sentence is within the sentencing guidelines, as well as the statutory maximum for second-degree murder.  The state court acted within its discretion in imposing sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment.  Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, Petitioner is not entitled to federal habeas relief on any of his claims. The Court **DENIES WITH PREJUDICE** his petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having

20

conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of any constitutional right.  The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal; no appeal from this decision can be taken in good faith.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 30, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Robin Edward Stevens  by electronic means or U.S. Mail on November 30, 2012.

S/Linda Vertriest
Deputy Clerk